# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Juan V. Anderson, | Case No. 21-CV-0937 (SRN/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Officer Alex Butts, Individual Capacity; Detective Gary Beier, Individual Capacity; Officer Tim Henson, Individual Capacity; and Randy Yednak, Individual Capacity, | |
| Defendants. | |
| Juan V. Anderson, | Case No. 21-CV-0971 (SRN/DTS) |
| Plaintiff, | |
| v. | |
| Morris Police Department and Doe x50, | |
| Defendants. | |
| Juan V. Anderson, | Case No. 21-CV-0972 (SRN/DTS) |
| Plaintiff, | |
| v. | |
| James Casson, Lawyer; Alex Butts, Officer; Randi Yednak; Kevin McNamara; and Doe x150, | |
| Defendants. | |

| | |
|---|---|
| Juan V. Anderson, | Case No. 21-CV-1022 (SRN/DTS) |
| Plaintiff, | |
| v. | |
| Tim Henson and Doe x50, et al., | |
| Defendants. | |

| | |
|---|---|
| Juan V. Anderson, | Case No. 21-CV-1023 (SRN/DTS) |
| Plaintiff, | |
| v. | |
| B. Krewer, Alex Butts, and Doe x50 et al., | |
| Defendants. | |

On April 8, 2021, Magistrate Judge David T. Schultz ordered plaintiff Juan V. Anderson to show cause why the case of *Anderson v. Butts*, No. 21-CV-0937 (SRN/DTS), should not be transferred to the United States District Court for the Central District of Illinois, *id.*, ECF No. 3 (D. Minn. Apr. 8, 2021). As explained by Magistrate Judge Schultz, under 28 U.S.C. § 1391(b),

> [a] civil action may be brought in —
>
> > (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> >
> > (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

This District appeared to fit none of those conditions. Each of the events at issue in the pleading submitted by Anderson occurred in the Central District of Illinois, and none of the defendants were alleged by Anderson to reside in Illinois.

Rather than respond to the order to show cause, Anderson filed two more lawsuits in this District. *See Anderson v. Morris Police Department*, No. 21-CV-0971 (SRN/DTS) (D. Minn. filed Apr. 12, 2021); *Anderson v. Casson*, No. 21-CV-0972 (SRN/DTS) (D. Minn. filed Apr. 12, 2021). Again, this District was by all indications an inappropriate venue for those matters; in fact, the two newer lawsuits filed by Anderson both appeared to relate to the same events that were at issue in the first lawsuit, and each of the named defendants in the newer lawsuits was said to reside in Illinois (indeed, some of the defendants were named in more than one of the lawsuits brought by Anderson). Magistrate Judge Schultz twice more ordered Anderson to show cause why these matters, too, should not be transferred to the Central District of Illinois.

Anderson's response was to file *nine* additional lawsuits, all involving events occurring in Illinois[1] and brought against defendants alleged to reside in Illinois. *See*

---

[1] One of the complaints that is the subject of this order is ambiguous in this regard; Anderson identifies the events giving rise to his claim in that matter as occurring in "all 48 states." *Anderson v. Henson*, No. 21-CV-1022 (SRN/DTS), Compl. at 4 [ECF No. 1] (D. Minn. Apr. 19, 2021). But Anderson also alleges that the events took place at "209 S. Prairie," an address located within the small town in Illinois where the events at issue in Anderson's other lawsuits took place. *Id*.

*Anderson v. Henson*, No. 21-CV-1022 (SRN/DTS) (D. Minn. filed Apr. 19, 2021);

*Anderson v. Krewer*, No. 21-CV-1023 (SRN/DTS) (D. Minn. filed Apr. 19, 2021);

*Anderson v. Rigner*, No. 21-CV-1076 (NEB/DTS) (D. Minn. Apr. 26, 2021); *Anderson v. Henry Police Department*, No. 21-CV-1126 (PAM/BRT) (D. Minn. Apr. 30, 2021);

*Anderson v. Regnier*, No. 21-CV-1127 (MJD/TNL) (D. Minn. Apr. 30, 2021);

*Anderson v. Mund*, No. 21-CV-1128 (DWF/HB) (D. Minn. Apr. 30, 2021); *Anderson v. Yedinak*, No. 21-CV-1150 (PJS/KMM) (D. Minn. May 4, 2021); *Anderson v. Betram*, No. 21-CV-1151 (WMW/HB) (D. Minn. May 4, 2021); *Anderson v. Henson*, No. 21-CV-1152 (DSD/TNL) (D. Minn. May 4, 2021). In none of the five cases assigned to the undersigned (as listed in the caption of this order) has Anderson offered sufficient justification for filing in Minnesota rather than Illinois. And when previously pressed to explain his choice of venue, Anderson has responded by filing yet more lawsuits.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court may act *sua sponte* under § 1406(a). *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006). As explained above, the pleadings filed by Anderson in the five matters now before the Court offer no basis for believing that this District is an appropriate district for this litigation under § 1391(b). Not one of the events at issue is alleged to have occurred in Minnesota, and not one of the defendants named to these proceedings is alleged to reside in Minnesota. Indeed, even Anderson appears not to reside in this District, as the addresses provided by Anderson for receiving documents by

mail are located in Georgia and Texas. *See Anderson v. Henson*, No. 21-CV-1022 (SRN/DTS), ECF No. 3 (D. Minn. Apr. 19, 2021). There is no good reason that these matters should have been filed here.

Two issues remain. First, § 1406(a) grants to district courts the discretion to either "dismiss, or if it be in the interest of justice, [to] transfer" matters filed in an inappropriate district. *See also Trujillo*, 465 F.3d at 1222-23. Each of the cases now before the Court appears to be related to the same series of events and occurrences, which are most fully described in the complaint for the first matter Anderson brought in this District. The Court will transfer that first-filed matter to the Central District of Illinois for further disposition. Because Anderson has paid the filing fee for that matter — and because Anderson states that he earns approximately $250,000 per year, *see Anderson v. Butts*, No. 21-CV-0937, ECF No. 2 (D. Minn. Apr. 6, 2021) — this Court will also deny Anderson's application to proceed *in forma pauperis* in that matter. The pleadings in Anderson's remaining lawsuits are duplicative where the claims he is attempting to raise are discernable at all, and to the extent that the pleadings are not duplicative, this Court cannot identify a viable claim for relief. Accordingly, the Court does not believe that transfer of these remaining matters would be in the interest of justice, and each of the other four lawsuits now before the Court will be dismissed without prejudice under § 1406(a). If Anderson is, in fact, attempting in those proceedings to bring claims unrelated to his first lawsuit, he remains free to renew those claims in a more appropriate venue (and in a more developed pleading).

Second, although pro se litigants have a right of access to the courts, that right does not encompass the filing of frivolous, malicious, or duplicative lawsuits. *See In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988). A court "has authority to control and manage matters pending before it," and "may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process." *Id*. at 1293. The sheer number of duplicative, wrongly venued, and increasingly incomprehensible pleadings filed by Anderson over the past month makes it now unfortunately necessary for the Court to impose restrictions upon Anderson's ability to initiate new litigation in this District. Accordingly, Anderson is hereby restricted until January 1, 2023, from initiating new litigation in this District unless he is represented by counsel or receives prior written authorization from a judicial officer in this District Court. This restriction will not preclude Anderson from proceeding with viable and non-duplicative claims for relief (which will be authorized), only from proceeding with continued duplicative, vexatious, or otherwise frivolous litigation. Anderson is further warned that similar conduct in the Central District of Illinois may result in the imposition of filing restrictions in that district as well. Accordingly, the Court urges Anderson to conduct the prosecution of his lawsuit being transferred without unnecessary duplication or vexatiousness. *See also* Fed. R. Civ. P. 11(b).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. In the matter of *Anderson v. Butts*, No. 21-CV-0937 (SRN/DTS):

   a. The application to proceed *in forma pauperis* of plaintiff Juan V. Anderson [Doc. No. 2] is DENIED.

   b. The matter is TRANSFERRED to the United States District Court for the Central District of Illinois.

2. The matters of *Anderson v. Morris Police Department*, No. 21-CV-0971 (SRN/DTS); *Anderson v. Casson*, No. 21-CV-0972 (SRN/DTS); *Anderson v. Henson*, No. 21-CV-1022 (SRN/DTS); and *Anderson v. Krewer*, No. 21-CV-1023 (SRN/DTS) are each DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1406(a).

3. Anderson is restricted from initiating new litigation in this District unless he is represented by counsel or receives prior written authorization from a judicial officer of this District. That restriction will expire on January 1, 2023, unless otherwise extended by a judicial officer of this District.

4. Judgment be entered accordingly in the matters of matters of *Anderson v. Morris Police Department*, No. 21-CV-0971 (SRN/DTS); *Anderson v. Casson*, No. 21-CV-0972 (SRN/DTS); *Anderson v. Henson*, No. 21-CV-1022 (SRN/DTS); and *Anderson v. Krewer*, No. 21-CV-1023 (SRN/DTS).

Dated: May 6, 2021

s/Susan Richard Nelson  
SUSAN RICHARD NELSON  
United States District Judge